UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                    Case No. 17-C-1740

GARY L. PANSIER and
JOAN R. PANSIER,

        Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

The United States of America commenced this action to reduce to judgment unpaid federal tax assessments made against Gary Pansier for tax years 1995 through 1998 and against Gary and Joan Pansier for tax years 1999 through 2006 and 2014. The defendants filed a bankruptcy case pursuant to Chapter 7 of the Bankruptcy Code in the Eastern District of Wisconsin. On April 24, 2018, the court stayed and administratively closed the case pending the issuance of an order of the Bankruptcy Court for dismissal, discharge, or the granting of relief from the stay. On May 5, 2020, the court granted the government's motion to reopen the case. This matter comes before the court on Joan Pansier's motion for reconsideration of the court's May 5, 2020 order granting the motion to reopen the case. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citing *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)).

Pansier asserts that an Internal Revenue Service news release, which was issued after she filed her brief in opposition to the motion to reopen, prohibits this case from proceeding at this time. The release entitled, "IRS Unveils New People First Initiative; COVID-19 Effort Temporarily Adjusts, Suspends Key Compliance Program," temporarily modified certain

administrative activities within the IRS until July 15, 2020, including "issues ranging from postponing certain payments related to Installment Agreements and Offers in Compromise to collection and limiting certain enforcement actions." IR-2020-5 (I.R.S.), 2020 WL 1450526 (Mar. 25, 2020). The news release does not mandate that the court suspend the litigation in this case until July 15, 2020, as Pansier suggests. The initiatives contained in the news release only pertain to the IRS's administrative activities, not to judicial collection lawsuits. In short, the news release is not a basis for reconsidering the court's order.

In addition, Pansier argues that Gary Pansier has passed away, and as a result, no one would be able to litigate the issues of his tax liabilities in this case. But that is not correct. Rule 25 of the Federal Rules of Civil Procedure addresses the substitution of a party upon death and provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). In other words, if a probate action is initiated for Gary Pansier's estate and a representative is appointed in that action, any party to this case can seek an order pursuant to Rule 25(a) authorizing the estate's representative to be substituted for Gary Pansier as a party to this action. Therefore, this is not grounds to reconsider the court's order reopening this case.

Pansier also offers arguments that have already been raised and rejected by the court. She does not offer any other argument that convinces the court that it's May 5, 2020 order was in error. Accordingly, Pansier's motion for reconsideration (Dkt. No. 20) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 2nd day of July, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge