UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                         Case No. 17-C-1740

GARY L. PANSIER and
JOAN R. PANSIER,

        Defendants.

## DECISION AND ORDER

      The United States of America commenced this action to reduce to judgment unpaid federal tax assessments made against Gary Pansier for tax years 1995 through 1998 and against Gary and Joan Pansier for tax years 1999 through 2006 and 2014. The defendants filed a bankruptcy case pursuant to Chapter 7 of the Bankruptcy Code in the Eastern District of Wisconsin. On April 24, 2018, the court stayed and administratively closed the case pending the issuance of an order of the Bankruptcy Court for dismissal, discharge, or the granting of relief from the stay. On May 5, 2020, the court granted the Government's motion to reopen the case. On September 24, 2020, Ms. Pansier filed a suggestion of death as to Mr. Pansier. This matter comes before the court on the Government's motion for the court to appoint a personal representative for the Estate of Gary L. Pansier and motion to extend the pretrial scheduling deadlines. The Government asserts that, because a probate case has not been opened for Mr. Pansier's estate and no motion for substitution of a proper party has been made in this case, a personal representative must be appointed for the sole purpose of defending this matter.

The court has subject matter jurisdiction over this matter pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. § 1340. *See* 28 U.S.C. § 1340 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade."). Ms. Pansier has filed an objection to the Government's motion to appoint a personal representative, but she does not have standing to assert arguments on behalf of Mr. Pansier's estate as a co-defendant. The court finds that Mr. Pansier's death has led to the need for the substitution of a proper party to continue this action on his behalf. In aid of the court's jurisdiction, the court concludes that it is necessary to issue a writ that allows this litigation to move forward. Pursuant to the All Writs Act, 28 U.S.C. § 1651, the court appoints a personal representative for the Estate of Gary L. Pansier for the sole purpose of defending against this litigation.

The court notes that this is not a probate proceeding. The court will not probate Mr. Pansier's will, administer Mr. Pansier's estate, or dispose of property in the custody of any state probate court. Instead, the court appoints a personal representative for Mr. Pansier's Estate for the limited purpose of defending against the Government's claims.

Consistent with Wisconsin law, the court shall give priority to Mr. Pansier's surviving spouse, Joan Pansier. The court therefore appoints Ms. Pansier as the personal representative. Ms. Pansier may refuse her appointment by filing a statement with the court explaining that she refuses to serve as personal representative within ten days of the date of this order. If Ms. Pansier accepts the appointment, she must file a response to the Second Amended Complaint as the personal representative of the Estate of Gray Pansier on or before December 28, 2020.

In the event Ms. Pansier refuses her appointment as personal representative, the personal representative shall be selected from the following list, in this order of priority:


1. Donna C. Pansier (Mr. Pansier's surviving sister);
2. Beverly Berken (Mr. Pansier's surviving sister);
3. Any surviving nieces, nephews, and cousins of Mr. Pansier; or
4. Any other person.

*See* Wis. Stat. § 856.21. The United States is directed to serve this Order, together with the Summons and Second Amended Complaint, on each individual in turn. If the served party accepts the appointment, he or she must file a pleading that responds to the United States' Second Amended Complaint within 21 days of being served. The served party may refuse his or her appointment by filing a statement with the court explaining that he or she refuses to serve as personal representative. Any person who refuses this appointment is directed to identify any other individuals who might qualify for appointment under Wisconsin law.

If a served party either (1) files a statement with the court explaining that he or she refuses to serve as personal representative, or (2) does not file a response to the Second Amended Complaint with the court within 21 days of being served, the United States shall serve the next individual on the list above. When an individual accepts this appointment, the United States shall file a notice with the court, along with a proposed order that memorializes the appointment.

**IT IS THEREFORE ORDERED** that the United States' motion for the court to appoint a personal representative for the Estate of Gary Pansier (Dkt. No. 32) is **GRANTED**.

**IT IS FURTHER ORDERED** that Joan Pansier is appointed as personal representative of the Estate of Gary Pansier. Ms. Pansier may refuse her appointment by filing a statement with the court explaining that she refuses to serve as personal representative within ten days of the date of this order. If Ms. Pansier accepts the appointment, she must file a response to the Second

Amended Complaint as the personal representative of the Estate of Gray Pansier on or before December 28, 2020.

**IT IS FURTHER ORDERED** that, in the event Ms. Pansier refuses her appointment as personal representative, the United States shall select one of Mr. Pansier's surviving relatives to be the personal representative, consistent with this order.

**IT IS FURTHER ORDERED** that the United States' motion for an order extending the pretrial scheduling deadlines in this case (Dkt. No. 39) is **GRANTED-IN-PART**. The discovery and dispositive motion deadlines will be extended 90 days from the date the personal representative of the Estate of Gary Pansier files a response to the Second Amended Complaint.

Dated at Green Bay, Wisconsin this 7th day of December, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge