UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                                    Case No. 17-C-1740

GARY L. PANSIER and
JOAN R. PANSIER,

      Defendants.

## DECISION AND ORDER

The United States of America commenced this action to reduce to judgment unpaid federal tax assessments made against Gary Pansier for tax years 1996 through 1998 and against Gary and Joan Pansier for tax years 2000 through 2006 and 2014. The defendants subsequently petitioned for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code in the Eastern District of Wisconsin. On April 24, 2018, the Court stayed and administratively closed the case pending the issuance of an order of the Bankruptcy Court for dismissal, discharge, or the granting of relief from the stay. On May 5, 2020, the Court granted the Government's motion to reopen the case. Ms. Pansier filed a suggestion of death as to Mr. Pansier on September 24, 2020. The Government filed a Second Amended Complaint on September 25, 2020. After denying Ms. Pansier's motion for a more definite statement or to strike the Second Amended Complaint, the Court ordered that Ms. Pansier's answer to the Second Amended Complaint is due on or before December 28, 2020.

When no answer or other responsive pleading was filed on or before December 28, 2020, the Government filed an application to the Clerk for the entry of default on January 15, 2021. The Clerk entered default on January 19, 2021. That same day, Ms. Pansier filed a motion for relief

from the entry of default and a motion for leave to file her answer to the Second Amended Complaint. The Government opposes both motions. For the following reasons, Ms. Pansier's motions will be denied.

Default is entered upon a party's failure to plead or otherwise defend. Fed. R. Civ. P. 55(a). Once the Clerk enters default in accordance with Federal Rule of Civil Procedure 55(a), the Court exercises its discretion to determine whether to enter default judgment pursuant to Rule 55(b). The entry of default does not mean that a default judgment will be entered. Default judgments are considered "drastic" measures. *Stafford v. Mesnik*, 63 F.3d 1445, 1450 (7th Cir. 1995). "While this circuit no longer disfavors default judgments, and does not require the trial court to first impose less drastic sanctions, a default judgment should not be considered a ready response to all litigant misbehavior." *Id.* Default judgment is a "weapon of last resort, appropriate only when a party willfully disregards pending litigation." *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). The Seventh Circuit has a "well established policy favoring a trial on the merits over a default judgment." *Id.* at 810. A party may request that the court vacate an entry of default prior to the entry of final judgment by demonstrating "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009); *Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993); Fed. R. Civ. P. 55(c). While the same test applies for motions seeking relief from default judgment under Rules 55(c) and 60(b), the test is "more liberally applied in the Rule 55(c) context." *Cracco*, 559 F.3d at 630.

The Government asserts that Ms. Pansier has failed to assert a meritorious defense to the Government's claim that she owes taxes for years 2000 through 2006 and 2014. A "meritorious defense" is a defense that "at least raises a serious question regarding the propriety of a default and which is supported by a legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1984).

2

In her proposed answer, Ms. Pansier admits that she and Mr. Pansier filed joint federal income tax returns for the 2000, 2001, 2002, 2003, 2004, 2005, 2006, and 2014 tax periods. Dkt. No. 49-1, at ¶ 15. Although Ms. Pansier denies that she and Mr. Pansier failed to pay any amount, *id.* ¶ 19, she has not alleged any facts to support a claim that her tax liabilities have been satisfied in their entirety. Instead, she "denies for lack of knowledge" whether a delegate of the Secretary of the Treasury made assessments for the stated years against Gary Pansier and Joan Pansier and whether the assessment dates and the amounts are accurate, *id.* at ¶ 16, and generally denies that "Gary Pansier and Joan Pansier owed, or owe, any of the liabilities that Plaintiff shown in the Second Amended Complaint," *id.* at ¶ 19. All of Ms. Pansier's arguments concern the amount of damages, but a dispute as to damages does not constitute a meritorious defense to the claims. *See Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (affirming the district court's refusal to vacate a default where the movant "contest[ed] the amount of damages" but did not "state a meritorious defense because he did not specifically deny the complaint's allegations that he purchased, sold, and repurchased the shares . . . without permission"). Regardless of whether Ms. Pansier has shown good cause for her failure to timely answer, she has not demonstrated that she has a meritorious defense to the claims asserted against her. Ms. Pansier will be able contest the damages sought by the Government if and when it moves for them under Rule 55(b).

For these reasons, Ms. Pansier's motion for relief from the entry of default (Dkt. No. 48) and motion for leave to file an answer to the Second Amended Complaint (Dkt. No. 49) are **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 9th day of March, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge